MARTIN J. BRILL (SBN 53220)
TODD M. ARNOLD (SBN 221868)
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: mjb@lnbrb.com, tma@lnbrb.com

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>AGUA DULCE VINEYARDS, LLC, a California limited liability company,<br><br>　　　　　　Debtor.<br>―――――――――――――――――<br>In re<br><br>CATHERINE P. MACADAM and DONAL J. MACADAM,<br><br>　　　　　　Debtors.<br>―――――――――――――――――<br>☐ Affects All Debtors<br><br>☐ Affects Agua Dulce Vineyards, LLC only<br><br>☒ Affects Catherine P. MacAdam and<br>　 Donal J. MacAdam only | Lead Case No. 1:09-bk-15207-MT<br>(Jointly Administered with Catherine P. MacAdam and Donal J. MacAdam – Case No. 1:09-bk-17476-MT)<br><br>Chapter 11 Cases<br><br>**DEBTORS' NOTICE OF MOTION AND MOTION FOR AN ORDER ESTABLISHING BAR DATE FOR FILING PROOFS OF CLAIM**<br><br>[NO HEARING REQUIRED, UNLESS REQUESTED – L.B.R. 9013-1(o)] |

1

**PLEASE TAKE NOTICE THAT** Catherine P. MacAdam and Donal J. MacAdam (the "MacAdams"), debtors and debtors in possession in the above-referenced Chapter 11 case being jointly administered with the Chapter 11 case of Agua Dulce Vineyards, LLC ("ADV") (collectively, the "Debtors"), hereby move, by way of this motion (the "Motion"), for entry of an order establishing a bar date for filing pre-petition claims against the MacAdams.

More specifically, by this Motion, the MacAdams respectfully request that the Court establish a bar date by which parties that wish to assert pre-petition claims must file and serve proofs of claim or be forever barred from asserting any pre-petition claims against the MacAdams. The MacAdams request that the bar date for filing such claims be fixed at December 31, 2009. The MacAdams make this request to promote the efficient administration of the bankruptcy estate and obtain a final and definite purview of all alleged claims, which the MacAdams will evaluate and dispute to the extent necessary.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(o)(1)(A)(ii), any response and request for hearing must be filed with the Court and served on the MacAdams' counsel and the United States Trustee within fifteen (15) days after the date of service of this Notice.

**PLEASE TAKE FURTHER NOTICE** that failure to file and serve a timely response to the Motion or request for a hearing on the Motion may be deemed by the Court to be consent to the granting of the relief requested in the Motion.

**WHEREFORE**, the MacAdams respectfully requests that the Court enter an order:

(a) affirming the adequacy of the Notice given herein;

(b) granting the Motion in its entirety;

(c) setting a pre-petition claims bar date of December 31, 2009 (the "Claims Bar Date");

(d) precluding any party that fails to timely file a pre-petition claim with the Court and serve such proof of claim upon counsel for the MacAdams by the Claims Bar Date from asserting a pre-petition claim against the MacAdams or the MacAdams' estate thereafter;

(e) approving the form of the Notice of Claims Deadline attached hereto as Exhibit "A;" and

(f) granting such other and further relief as the Court deems just and proper under the circumstances.

Dated: October 7, 2009

AGUA DULCE VINEYARDS, LLC,
a California limited liability company

CATHERINE P. MACADAM and
DONAL J. MACADAM

By: */s/ Todd M. Arnold*
    MARTIN J. BRILL
    TODD M. ARNOLD
    LEVENE, NEALE, BENDER, RANKIN
       & BRILL L.L.P.
    Attorneys for Debtors and
    Debtors in Possession

# MEMORANDUM OF POINTS AND AUTHORITIES[1]

## I.

## INTRODUCTION

**A. THE DEBTORS AND THE FILING OF THE DEBTORS' CHAPTER 11 BANKRUPTCY CASES.**

1. On May 4, 2009, ADV filed a voluntary petition under Chapter 11 of 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code"). ADV is operating its business and managing its financial affairs and operating its bankruptcy estate as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. On June 17, 2009 (the "Petition Date"), the MacAdams filed a voluntary petition under Chapter 11 the Bankruptcy Code. The MacAdams are operating their business, managing their financial affairs, and operating their bankruptcy estate as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. The Debtors both filed their Schedules of Assets and Liabilities (the "Schedules").

4. The Court set a claims bar date in ADV's bankruptcy case, which has now passed. However, no claims bar date has been set in the MacAdams' bankruptcy case.

5. The deadlines for the Debtors to file a plan or plans and related disclosure statements and obtain approval of their plan or plans are November 30, 2009 and January 29, 2010, respectively.

## II.

## THE COURT SHOULD SET A PRE-PETITION CLAIMS BAR DATE

In order to administer their estate, it is important that the MacAdams have complete and accurate information regarding the nature, amount and status of alleged claims against their estate. To accomplish this, the MacAdams respectfully request entry of an order, pursuant to Sections 105(a), 501, and 1111(a) of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure

---

[1] All capitalized terms herein have the same meanings as in the proceeding Notice and Motion.

2002(a)(7), 3003(c)(3) and 5005(a), and Local Bankruptcy Rule 3001-1, setting a pre-petition claims bar date of December 31, 2009 (the "Claims Bar Date").

Federal Rule of Bankruptcy Procedure 3003(c)(3) provides that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Neither the Bankruptcy Code nor the Bankruptcy Rules specify a time by which proofs of claim must be filed in chapter 11 cases, except for governmental units, as provided by section 502(b)(9) of the Bankruptcy Code.

The circumstances of this chapter 11 case justify fixing the Claims Bar Date as requested herein. To perform under a plan of reorganization, the MacAdams will require complete and accurate information regarding the nature, amount and status of claims that will be asserted against them in their chapter 11 case as soon as possible. Accordingly, the MacAdams request that the Court fix the requested deadlines for the filing of proofs of claim against the MacAdams' estate, for claims that arose on or before the Petition Date.

**III.**

**PARTIES ARE REQUIRED TO FILE PROOFS OF CLAIM**

The MacAdams propose that the Claims Bar Date apply to all persons or entities holding claims against the MacAdams which claims arose prior to or on the Petition Date, including the following:

(1) Any person or entity whose claim is listed in the MacAdams' Schedules as "disputed," "contingent," or "unliquidated" and that desires to participate in the MacAdams' chapter 11 case or share in a distribution, if any, in the MacAdams' chapter 11 case;

(2) Any person or entity whose claim is improperly classified or is listed in an incorrect amount in the MacAdams' Schedules and desires to have its claim allowed in a classification or amount other than as set forth in the MacAdams' Schedules; and

(3) Any person or entity whose claim against the MacAdams is not listed at all.

The MacAdams shall retain the right to:

(1) Dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the MacAdams' Schedules as to nature, amount, liability, classification, or otherwise; and

(2) Subsequently designate any claim as disputed, contingent or unliquidated, and the MacAdams' propose that if they amends their Schedules to reduce the undisputed, noncontingent and unliquidated amounts or to change the nature or classification of a claim reflected therein, then the affected claimant shall have thirty (30) days from receipt of notice of the amendments to the MacAdams' Schedules, or up until the established Claims Bar Date, whichever is later, to file a proof of claim or to amend any previously filed proof of claim in respect of such amendment to the MacAdams' Schedules.

Pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(2), any person or entity that is required to file a proof of claim in this chapter 11 case but that fails to do so in a timely manner should be forever barred, estopped and enjoined from:

(1) Asserting any pre-petition claim against the MacAdams that such person or entity has that is in an amount that exceeds the amount if any, that is set forth in the MacAdams' Schedules or is of a different nature or in a different classification; and

(2) Voting upon, or receiving distributions upon any plan of reorganization or liquidation in this chapter 11 case with respect to such claim.

## IV.

## NOTICE OF CLAIMS BAR DATE

Within five (5) court days of the entry of an order approving this Motion, MacAdams will serve the Notice of Claims Bar Date in accordance with Local Bankruptcy Rule 3001-1, in the form attached hereto as Exhibit "A" on all known creditors of the MacAdams.

# V.
# **CONCLUSION**

**WHEREFORE**, the MacAdams respectfully requests that the Court enter an order:

(a) affirming the adequacy of the Notice given herein;

(b) granting the Motion in its entirety;

(c) setting a pre-petition claims bar date of December 31, 2009 (the "Claims Bar Date");

(d) precluding any party that fails to timely file a pre-petition claim with the Court and serve such proof of claim upon counsel for the MacAdams by the Claims Bar Date from asserting a pre-petition claim against the MacAdams or the MacAdams' estate thereafter;

(e) approving the form of the Notice of Claims Deadline attached hereto as Exhibit "A;" and

(f) granting such other and further relief as the Court deems just and proper under the circumstances.

Dated: October 7, 2009

AGUA DULCE VINEYARDS, LLC,
a California limited liability company

CATHERINE P. MACADAM and
DONAL J. MACADAM

By: */s/ Todd M. Arnold*
    MARTIN J. BRILL
    TODD M. ARNOLD
    LEVENE, NEALE, BENDER, RANKIN
       & BRILL L.L.P.
    Attorneys for Debtors and
    Debtors in Possession

| | |
|---|---|
| MARTIN J. BRILL (SBN 53220)<br>TODD M. ARNOLD (SBN 221868)<br>LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.<br>10250 Constellation Boulevard, Suite 1700<br>Los Angeles, California 90067<br>Telephone: (310) 229-1234<br>Facsimile: (310) 229-1244<br>Email: mjb@lnbrb.com, tma@lnbrb.com | |

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>AGUA DULCE VINEYARDS, LLC, a California limited liability company,<br><br>        Debtor.<br><br>In re<br><br>CATHERINE P. MACADAM and DONAL J. MACADAM,<br><br>        Debtors.<br><br>☐ Affects All Debtors<br>☐ Affects Agua Dulce Vineyards, LLC only<br>☒ **Affects Catherine P. MacAdam and Donal J. MacAdam only** | Lead Case No. 1:09-bk-15207-MT<br>(Jointly Administered with Catherine P. MacAdam and Donal J. MacAdam – Case No. 1:09-bk-17476-MT)<br><br>Chapter 11 Cases<br><br>**NOTICE OF CLAIMS DEADLINE** |

    The Bankruptcy Court has set a deadline of **December 31, 2009** for creditors of **Catherine P. MacAdam and Donal J. MacAdam,** the above-referenced debtors and debtors in possession (the "Debtors"), to file proofs of claim against the Debtors' estate.

    The exceptions to this deadline for filing proofs of claims or interest are: (1) claims arising from rejection of executory contracts or unexpired leases, (2) claims of governmental units, and (3) claims arising as the result of transfer avoidance pursuant to chapter 5 of the Bankruptcy Code.

**EXHIBIT "A"**

8

For claims arising from rejection of executory contracts or unexpired leases pursuant to 11 U.S.C. § 365, the last day to file a proof of claim is: (a) 30 days after the date of entry of the order authorizing the rejection, or (b) **December 31, 2009**, whichever is later.

For claims of "governmental units," as that term is defined in 11 U.S.C. § 101(27), proofs of claim are timely filed: (a) before 180 days after the date of the order for relief in this case, or (b) by **December 31, 2009**, whichever is later. 11 U.S.C. § 502(b)(9).

For claims arising from the avoidance of a transfer under chapter 5 of the Bankruptcy Code, the last day to file a proof of claim is: (a) 30 days after the entry of judgment avoiding the transfer, or (b) **December 31, 2009**, whichever is later.

If you are listed on the Schedules of Assets and Liabilities of the Debtors <u>and</u> your claim or interest is <u>not</u> scheduled as disputed, contingent, unliquidated or unknown, your claim or interest is deemed filed in the amount set forth in the Schedules, and filing of a proof of claim or interest is unnecessary if you agree that the amount scheduled is correct and that the category in which your claim or interest is scheduled (secured, unsecured, preferred stock, common stock, etc.) is correct. 11 U.S.C. § 1111(a).

If your claim or interest is not listed on the schedules <u>or</u> is scheduled as disputed, contingent, unliquidated or unknown, <u>or</u> you disagree with the amount or description scheduled for your claim or interest, you must file a proof of claim or interest.

**Failure of a creditor or interest holder to file timely a proof of claim or interest on or before the deadline may result in disallowance of the claim or interest or subordination under the terms of a plan of reorganization without further notice or hearing. 11 U.S.C. § 502(b)(9). Creditors and interest holders may wish to consult an attorney to protect their rights.**

Dated: _____, 2009      CATHERINE P. MACADAM and
                             DONAL J. MACADAM

                             By: */s/ Todd M. Arnold*
                                 MARTIN J. BRILL
                                 TODD M. ARNOLD
                                 LEVENE, NEALE, BENDER, RANKIN
                                     & BRILL L.L.P.
                                 Attorneys for Chapter 11
                                 Debtors and Debtors in Possession

| In re:<br>AGUA DULCE VINEYARDS, LLC<br>Debtor(s). | Chapter 11<br>Lead Case No. 1:09-bk-15207-MT (Jointly Administered with Catherine P. MacAdam and Donal J. MacAdam – Case No. 1:09-bk-17476-MT) |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.

Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067.

A true and correct copy of the foregoing document described as **DEBTORS' NOTICE OF MOTION AND MOTION FOR AN ORDER ESTABLISHING BAR DATE FOR FILING PROOFS OF CLAIM** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On October 8, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Melody G Anderson    manderson@hemar.com
- Todd M Arnold    tma@lnbrb.com
- Martin J Brill    mjb@lnbrb.com
- Katherine Bunker    kate.bunker@usdoj.gov
- Lesley A Hawes    lhawes@mckennalong.com, pcoates@mckennalong.com
- Kenneth N Russak    krussak@frandzel.com, efiling@frandzel.com;banderson@frandzel.com
- Ramesh Singh    claims@recoverycorp.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On <u>October 8, 2009,</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed no later than 24 hours after the document is filed.</u>*

<u>Served by Overnigth Mail</u>
The Hon. Maureen Tighe
United States Bankruptcy Court
21041 Burbank Boulevard
Woodland Hills, CA 91367

10

**SERVICE BY U.S. MAIL**

| | | |
|---|---|---|
| Katherine Bunker **SERVED BY NEF**<br>Ofc of the U.S. Trustee<br>21051 Warner Center Dr., Suite 115<br>Woodland Hills, CA 91367 | **Counsel for Western Comm. Bank**<br>Attn: Timothy Lambirth, Esq.<br>c/o Marcin Lambirth et al<br>16830 Ventura Blvd., #320<br>Encino, CA 91436 | Richard W. Noble, CEO<br>BCC Merchant Solutions<br>105 East 5th St., 5th Floor<br>Kansas City, MO 64106 |
| <u>**Counsel for Merchant eSolutions**</u><br>Gary Owen Caris<br>Lesley Anne Hawes<br>McKenna Long & Aldridge LLP<br>444 South Flower Street, 8th Fl<br>Los Angeles, CA 90071 | **Counsel for Western Comm. Bank**<br>Kenneth N. Russak **SERVED BY NEF**<br>Frandzel, Robins et al<br>6500 Wilshire Blvd., 17th Floor<br>Los Angeles, CA 90048-4920 | LA County Treasurer and Tax Collector<br>PO Box 54110<br>Los Angeles, CA 90054-0110 |
| <u>Counsel for Newmark Communications</u><br>Thomas M. Brown/Stewart J. Powell<br>Brown, White & Newhouse LLP<br>333 South Hope Street, 40th Floor<br>Los Angeles, CA 90071 | Catherine P. MacAdam<br>Donal MacAdam<br>Agua Dulce Vineyards<br>9640 Sierra Highway<br>Agua Dulce, CA 91390 | |

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, 2009, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 8, 2009 | Lourdes Cruz | /s/ Lourdes Cruz |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*January 2009* **F 9013-3.1**

11